Sweet agt. Sweet.

## SUPREME COURT.

### FANNY J. SWEET agt. JAMES M. SWEET.

In an action for divorce on the ground of adultery, the defendant is not required to *verify* his *answer*, although the complaint is duly verified.

Adultery is not a criminal offence in this state, and although it is degrading to character, the *rules of evidence* will not excuse the *witness* from answering when the testimony is *relevant* and *material* to the issue.

The question then arises, whether the provisions of the Code relating to parties to the action being witnesses, (§§ 390, 399,) are applicable to an action between husband and wife?

This question was decided in the negative, in an action for divorce in the case of *Smith* agt. *Smith*, (*ante p.* 165.) And in 5 *Barb.* 156, *and* 8 *How.* 297, are cases giving construction to § 390 of the Code, holding that husband and wife cannot be used as witnesses for or against each other.

Besides, the defendant in an action for divorce for adultery, could not be compelled to disclose, as a witness, the act of adultery, and therefore would be privileged from answering under oath, for the reason that the penalties and forfeitures contained in the Revised Statutes against a party divorced for adultery, are sufficient at common law to excuse him from thus answering.

*Erie Special Term, November,* 1857.

MOTION to refer, in an action for a divorce for adultery, to take proof of the facts stated in the complaint, and to report opinion thereon. The complaint was verified. The defendant had served an answer *not verified,* and the plaintiff's attorney had returned it for this cause.

W. E. JOHNSON, *for plaintiff.*
MR. IRISH, *for defendant.*

MARVIN, Justice. The plaintiff's counsel insisted that the defendant should have verified his answer, and refers to §§ 156 and 157 of the Code, by which it is declared that when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also. The verification may be omitted when an admission of the truth of the allegations

might subject the party to prosecution for a felony.  To these provisions we must add, (*Sess. Laws* 1854, 153,) that " the verification of any pleading in any court of record in this state, may be omitted in all cases where the party called upon to verify, would be privileged from testifying as a witness to the truth of any matter denied by such pleading."

The plaintiff's counsel insisted that the defendant would not be privileged from testifying as a witness touching the facts alleged in the complaint, and cited 1 *Green. Ev.* §§ 344, 452, 454, 455.

It is true that adultery is not a criminal offence in this state, and although it is degrading to character, the rules of evidence, as I understand them, will not excuse the witness from answering when the testimony is *relevant* and *material* to the issue.  (1 *Green. Ev.* 454.)  Whether the defendant had committed adultery, as charged in the complaint, is certainly the *material* issue, and the counsel argued logically that under these rules of evidence he would be compellable to give evidence as a witness, and that, therefore, he could not be excused under the act of 1854, from verifying his answer.  This argument, of course, assumes that the provisions of the Code, relating to parties to the action being witnesses, (§§ 390 399,) are applicable to an action between husband and wife.  In *Smith* agt. *Smith*, (*ante p.* 165) I had occasion to examine the question arising under the 399th section of the Code, and I held that the wife in an action against her husband for a divorce, could not be a witness to prove the marriage and adultery.  And in 5 *Barb.* 156, *and* 8 *How.* 297, are cases giving construction to § 390 of the Code, holding that they cannot be used as witnesses for or against each other.  These decisions are applicable to the present case, and show that the defendant was not required to verify his answer.  But aside from those cases, and the reasoning upon which the decisions therein are founded, I should hold that the defendant could not be compelled, in this action, to disclose as a witness, the act of adultery.

In England, proceedings for divorce are instituted in the

ecclesiastical courts, which, however, only adjudged a divorce *a mensa et thoro* for adultery, as for many other causes; and in parliament, where for adultery, a divorce *a vinculo matrimonii* may be granted. Our laws relating to divorces, are derived mainly from the English ecclesiastical courts, and we have conferred upon our court of chancery, the power which parliament possesses, in cases of adultery. It will be seen that we are not to look to English chancery law for divorce cases. In the ecclesiastical court, a *libil* was filed, and the defendant answered without oath. This practice has been pursued by statute in this state. (2 *R. S.* 144, § 39.) It is said that this provision of the Revised Statutes, is abrogated by the Code. Assume that it is, and in my opinion the law will not be changed. Had the statute contained no such provision, a defendant, charged with adultery in an action for a divorce, could not have been compelled, according to the settled practice of a court of equity, to answer the bill or complaint on oath.

A defendant is not bound to make discovery as to facts which will subject him to penalties or forfeitures, and he could at all times take the objection by demurrer to the discovery sought by the bill; thus if a daughter is to forfeit her portion in case she married without consent, or a widow her jointure or other provision under a will, in the event of her marrying again, or a lessee is to forfeit his lease, in case he assigns it without license, either of these persons may demur to a bill filed to discover the marriage, or the assignment of the lease. (*Story's Eq. Pl.* 442 to 448; *Wig. on Dis.* 62, 150.)

By the statute, if the wife obtains a decree dissolving the marriage, all her real estate, goods and things in action become her sole and absolute property. If the husband obtain such divorce, the wife is not entitled to dower in her husband's real estate, nor to any distributive share in his personal estate. The guilty party is prohibited from marrying again, until the death of the complainant. (2 *R. S.* 146, §§ 46, 47,

48, 49.) These forfeitures and penalties are sufficient at common law to excuse a party from answering on oath. The same rules protect him as a witness. (1 *Green's Ev.* § 453.)

The defendant had a right to answer without oath.

The motion is denied.